UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONGRIC FRANCIS,

          Petitioner,

v.                                        Case No. 3:25-cv-1346-JEP-LLL

DEPARTMENT OF THE TREASURY,

          Respondent.

_____

## ORDER

Petitioner, an inmate of the Florida Department of Corrections, initiated this action in the Orlando Division by filing a "Petition for Writ of Mandamus" (Doc. 1) and a motion to proceed as a pauper (Docs. 2–3). The Orlando Division transferred the case to the Jacksonville Division because Petitioner is housed at Hamilton Correctional Institution (Doc. 4). Petitioner asks that the Court compel the Secretary (or Deputy) of the Department of the Treasury to issue him a stimulus payment in the amount of $1,200. *See* Doc. 1 at 1, 4. He alleges he completed and filed the appropriate tax form in 2020, and while the IRS sent him his $600 and $1,400 checks, he "never received the refund of $1,200." *Id.* at 3.

A federal court may issue a mandamus order "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to

the [movant]." 28 U.S.C. § 1361. A person seeking mandamus relief must demonstrate (1) he has a clear right to the relief he seeks, (2) the defendant owes him a clear duty, and (3) he has no adequate remedy, meaning he "has exhausted all other avenues of relief." *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003). The purpose of mandamus relief is to "enforce a right [that] has already been established," not to establish a legal right. *Davis v. United States*, 558 F. App'x 898, 901 (11th Cir. 2014) (quoting *United States v. Nordbye*, 75 F.2d 744, 746 (8th Cir. 1935)).

In response to the coronavirus outbreak, Congress enacted a series of laws that authorized tax credits in the form of Economic Impact Payments (EIPs), or "stimulus checks," to be disbursed to "eligible individual[s]." 26 U.S.C. § 6428(a)(1) (the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), providing for a tax credit of $1,200); 26 U.S.C. § 6428A(a)(1) (the Consolidated Appropriations Act of 2021 (CAA), providing for a tax credit of $600); and 26 U.S.C. § 6428B(b)(1) (the American Rescue Plan Act (ARPA), providing for a tax credit of $1,400). Each Act expressly provided, "No refund or credit shall be made or allowed under this subsection after [the date specified]." 26 U.S.C. §§ 6428(f)(3)(A) (December 31, 2020); 6428A(f)(3)(A)(ii)(I) (January 15, 2021); 6428B(g)(3) (December 31, 2021). Incarcerated individuals were not excluded from eligibility under the Acts. *See Scholl v. Mnuchin*, 494

F. Supp. 3d 661, 689–90 (N.D. Cal. 2020) (holding, in a class action lawsuit, that incarcerated individuals could not be denied EIPs under the CARES Act simply based on their incarceration status).

Petitioner has not demonstrated he has a clear right to the relief he seeks. Notably, district courts that have addressed similar claims have concluded the CARES Act does not create a private right of action. *See, e.g.*, *Doman v. Mnuchin*, No. 1:23-cv-480, 2023 WL 9059515, at *3 (S.D.W. Va. Nov. 21, 2023), *report and recommendation adopted*, 2024 WL 25090 (Jan. 2, 2024) (citing cases). Moreover, even assuming Petitioner was an "eligible individual" authorized to receive the $1,200 CARES Act tax credit in 2020, a stimulus check under the CARES Act is no longer available because the December 31, 2020 deadline has long since passed. *See, e.g.*, *id. See also Kline v. Rettig*, No. 3:21-cv-1002-LC-HTC, 2022 WL 4001142, at *4 (N.D. Fla. June 29, 2022), *report and recommendation adopted*, 2022 WL 4002900 (Sept. 1, 2022) ("Courts have uniformly held that individuals cannot receive an EIP after expiration of the statutory deadline.").

Accordingly, it is now **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.
2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of November 2025.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-6
c: Rongric Francis, #776325